■ In the Matter of VANDER L. BEATTY, Respondent, v. JOHN L. PHILLIPS, JR., Appellant, et al., Respondents.— In a proceeding to invalidate petitions designating appellant as a candidate in the Democratic Party Primary Election to be held on June 23, 1970 for nomination for the public office of Member of the Assembly for the 54th Assembly District, Kings County, the appeal is from a judgment of the Supreme Court, Kings County, entered June 11, 1970, which declared said petitions invalid, after a nonjury trial. Judgment reversed, on the law and the facts, without costs, petitions declared valid and directed to be reinstated. In our opinion, the evidence does not show that the petitions were permeated with fraud. Christ, P. J., Rabin, Hopkins, Kleinfeld and Brennan, JJ., concur.

■ In the Matter of JANE CARUSO et al., Appellants, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, and THOMAS G. PARISI, Respondents.— In a proceeding to cancel the registration of respondent Thomas G. Parisi as a qualified voter and his enrollment with the Republican Party in the 39th Election District of the 47th Assembly District, Kings County, the appeal is from a judgment of the Supreme Court, Kings County, entered June 12, 1970, which denied the application. Judgment affirmed, without costs. No opinion. Christ, P. J., Hopkins, Kleinfeld, Brennan and Benjamin, JJ., concur.

■ In the Matter of BERNARD CHETKOF, Appellant, v. MARVIN CRISTENFELD et al., Constituting the Board of Elections of the County of Nassau, and MURRAY ROSENTHAL, Respondents.— In a proceeding to compel the respondent Board of Elections (1) to place the names of candidates for Party positions and for nomination for public office, in the Democratic Party Primary Election to be held on June 23, 1970, in vertical rather than horizontal form or, (2) in the alternative, to place the name of appellant, who 's a candidate for the Party position of State Committeeman for the 8th Assembly District, Nassau County, upon the same line as any and all other candidates for Party positions or for nomination for public office, the appeal is from a judgment of the Supreme Court, Nassau County, entered June 11, 1970, which directed (1) that the respondent Board of Elections place appellant's name on ·ᴸ ballot in horizontal position to the names of all other candidates on the Democratic " B " Row or line " if this be physically possible " and (2) that, if that " becomes a physical impossibility or impracticality ", it rearrange the ballot to " one column for each of the 6 offices " (five public offices and one Party position) with the candidates' names " one above the other in accordance with the priority previously determined between the candidates." Judgment affirmed, without costs. No opinion. Christ, P. J., Rabin, Hopkins, Kleinfeld and Brennan, JJ., concur.

■ In the Matter of BENEDICT P. CIARAVINO, Respondent, v. MARVIN D. CRISTENFELD et al., Constituting the Board of Elections of the County of Nassau, Respondents, and MYLES G. O'REILLY, Appellant.— In a proceeding to invalidate petitions designating appellant as a candidate in the Conservative Party Primary Election to be held on June 23, 1970 for nomination for the public office of Member of the Assembly for the 14th Assembly District, Nassau County, the appeal is from a judgment of the Supreme Court, Nassau County, entered June 11, 1970, which invalidated said petitions. Judgment reversed, on the law and the facts, without costs, and petitions declared valid. In our opinion, there was insufficient evidence properly before Special Term to sustain a finding that appellant's entire petition should be invalidated for permeating fraud. Christ, P. J., Rabin, Hopkins, Kleinfeld and Brennan, JJ., concur.